UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RONALD ANTHONY LEVI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3002 |
| | ) | |
| MICHAEL BEDNARZ, M.D., | ) | |
| HUGH LOCHARD, M.D., | ) | |
| MICHELLE R.B. SADDLER, and | ) | |
| LARRY PHILLIPS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on his claim of deliberate indifference to his serious medical needs.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the

1

District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly

suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

Plaintiff alleges a panoply of medical ailments, including a frozen shoulder, knee and finger injuries, diabetic neuropathy, and chronically swollen lymph nodes. He alleges that Defendants have refused to follow the prescriptions and orders of outside doctors for treating these conditions.

Plaintiff's own description of his conditions and symptoms allows a

3

plausible inference that he has serious medical needs. Likewise, his allegations that the orders of doctors outside the facility have been ignored allows a plausible inference of deliberate indifference. Arnett v. Webster, 658 F.3d 742, 753 (7th Cir. 2011)("Allegations of refusal to provide an inmate with prescribed medication or to follow the advice of a specialist can also state an Eighth Amendment claim."); Gil v. Reed, 381 F.3d 649, 663-64 (7th Cir. 2004)(refusal to follow specialist's advice may allow plausible inference of deliberate indifference).

However, the claim will proceed only against those defendants with medical training, Drs. Bednarz and Lochard. Defendants without medical training are generally entitled to, and must, rely on the medical professionals to diagnose and treat an inmate's medical conditions. Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted).

IT IS THEREFORE ORDERED:

1) The hearing scheduled for February 6, 2012, is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2) Pursuant to its review of the Complaint, the Court finds that Plaintiff states a federal constitutional claim against Defendants Bednarz and Lochard for deliberate indifference to Plaintiff's serious medical needs. Accordingly, Plaintiff's petition to proceed in forma pauperis is granted on this claim (d/e 2). Any other claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) Defendants Saddler and Phillips are dismissed for failure to state a claim against them.

4) This case is referred to the Magistrate Judge for entry of a Scheduling Order directing service and setting a Rule 16 conference date. A copy of this Opinion shall be served with the Complaint and Scheduling Order.

5) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should

include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

ENTERED: January 31, 2012

FOR THE COURT:

<u>s/Sue E. Myerscough</u>  
SUE E. MYERSCOUGH  
UNITED STATES DISTRICT JUDGE