IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RONALD LEVI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 12-CV-3002 |
| ) | |
| DR. MICHAEL BEDNARZ ) | |
| And DR. HUGHES LOCHARD, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

A four-day jury trial was held in this case commencing on April 19, 2016, on Plaintiff's claims of violation of his Fourteenth Amendment rights arising from alleged deliberate indifference to his medical needs by Defendants beginning in 2008. On April 22, 2016, the jury returned a verdict in favor of Defendants. (Jury Verdict, d/e 174)

In Plaintiff's post-trial motions for judgment as a matter of law (Fed. R. Civ. P. 50) and for a new trial (Fed. R. Civ. P. 59), Plaintiff claims that the verdict returned by the jury was against the manifest weight of the evidence. Plaintiff also maintains that

Defendants' testimony prejudiced Plaintiff and that Plaintiff's court appointed pro bono counsel provided inadequate legal assistance. (d/e 187). Plaintiff's motions for judgment as a matter of law and for a new trial are DENIED because Plaintiff forfeited his right to a Rule 50 motion for a judgment as a matter of law and he was not entitled to a new trial under Rule 59.

## I.  Plaintiff Forfeited His Right to a Motion for Judgment as a Matter of Law.

A motion for judgment as a matter of law may be made at any time during the trial, before the case is submitted for consideration by the jury, and after a party has been fully heard on the issue. Fed. R. Civ. P 50(a). A party has been fully heard on an issue when it rests its case. Mendenhall v. Mueller Streamline Co., 419 F.3d 686, 692 (7th Cir. 2005). A motion under Rule 50 "must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P 50(a). The Court may grant a motion for judgment as a matter of law if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Id.

If the original motion for judgment as a matter of law is not granted, "the movant may file a *renewed* motion for judgment as a matter of law" after judgment has been entered. Fed. R. Civ. P 50(b) (emphasis added). However, in order for a motion for judgment as a matter of law made after judgment was entered to be considered by the Court, the motion must have been predicated by a Rule 50(a) motion made before the evidence was submitted to the jury. Continental Air Lines, Inc. v. Wagner-Morehouse, Inc., 401 F.2d 23, 25 (7th Cir. 1968); *see also* Collins v. Illinois, 830 F.2d 692, 698 (7th Cir. 1987). Where no Rule 50 motion is made prior to the submission of evidence to the jury, any subsequent Rule 50 claim is forfeited. Downes v. Volkswagen of Am., 41 F.3d 1132, 1139 (7th Cir. 1994).

In the instant case, the record shows that Plaintiff made no Rule 50 motion at any time before the evidence was submitted for consideration by the jury. Because of this, any Rule 50 claim to judgment as a matter of law that Plaintiff may have had was forfeited at the moment the evidence was submitted to the jury for consideration.

However, were a Rule 50 motion raised or renewed by Plaintiff in a timely and proper manner, and as explained below, Plaintiff's motion for judgment as a matter of law would not have succeeded. "Under [Fed. R. Civ. P. 50] a court should grant judgment as a matter of law when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Alexander v. Mount Sinai Hosp. Med. Ctr., 484 F.3d 889, 902 (7th Cir. 2007). In considering a Rule 50 motion as to whether sufficient evidence was presented for the jury to find for a party, the Court views the evidence in the light most favorable to the non-moving party. Keaton v. Atchison, T. & S. F. R. Co., 321 F.2d 317, 318 (7th Cir. 1963).

The evidence in this case shows significant medical treatment was given to Plaintiff. Defendant Lochard testified to a litany of treatment including physical examinations, MRIs, surgeries, and physical and occupational therapy. Viewing the evidence in the light most favorable to Defendants, their testimony and voluminous medical records submitted plainly gave the jury a "legally sufficient evidentiary basis" to reach the verdict that was reached in this case.

Therefore, had Plaintiff's motion for judgment as a matter of law been properly submitted, the Court would have denied it.

## II.     Plaintiff was not Entitled to a New Trial.

Under Fed. R. Civ. P. 59(a)(1)(A), after a jury trial has concluded, the Court may grant a motion for a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." The decision whether to grant the Plaintiff's motion for a new trial "is confided almost entirely to the exercise of discretion on the part of the trial court." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).

In support of his Rule 59 motion, Plaintiff argues that the verdict returned by the jury was against the manifest weight of the evidence, that Defendants' testimony prejudiced the Plaintiff, and that Plaintiff's court appointed pro bono counsel provided inadequate legal assistance. (d/e 187). Plaintiff's motion for a new trial is DENIED because the verdict returned by the jury was not against the manifest weight of the evidence, Defendants' testimony did not prejudice Plaintiff, and Plaintiff's pro bono counsel did not provide ineffective assistance.

### A. The Verdict Was Not Against the Manifest Weight of the Evidence.

When considering a motion for a new trial, "a court will set aside a verdict as contrary to the manifest weight of the evidence 'only if no rational jury could have rendered the verdict.'" Lewis v. City of Chicago Police Dep't, 590 F.3d 427, 444 (7th Cir. 2009) (*quoting* Moore ex. rel. Estate of Grady, v. Tuleja, 546 F.3d 423, 427 (7th Cir. 2008)). When deciding whether a rational jury could have rendered the contested verdict, the Court views the evidence in the light most favorable to the non-moving party and does not make judgments as to the credibility or weight of the evidence presented. King v. Harrington, 447 F.3d 531, 534 (7th Cir. 2006). The Court will sustain the jury's verdict "where a 'reasonable basis' exists in the record to support the outcome." Id. (*quoting* Kapelanski v. Johnson, 390 F.3d 525, 530 (7th Cir. 2004)). Conversely, "a new trial should be granted 'only when the record shows that the jury's verdict resulted in a miscarriage of justice . . . or shocks [the] conscience.'" Davis v. Wis. Dep't of Corr., 445 F.3d 971, 979 (7th Cir.2006) (quoting Latino v. Kaizer, 58 F.3d 310, 314 (7th Cir. 1995)).

Defendants in this case testified at length concerning their exposure to and involvement in Plaintiff's medical treatment. This treatment included physical examinations, MRIs, surgeries, and physical and occupational therapy both within the facility and at other treatment sites. Dozens of documents were submitted detailing Plaintiff's medical conditions and extensive history of treatment at the DHS facility and elsewhere. Plaintiff received treatment on the conditions affecting his knees, left wrist and hand, lymph nodes, left shoulder, and diabetes-related ailments.

In addition to the extensive treatment received by Plaintiff for his medical conditions, his diabetes may have contributed to the severity and chronic nature of a number of his illnesses and injuries. Defendant Lochard testified that Plaintiff's diabetes was poorly controlled and that Plaintiff's poorly controlled diabetes contributed to the healing delay in Plaintiff's wrist injury. Furthermore, Defendant Lochard testified that Plaintiff was instructed to control his diabetes better as a general remedy for some of his nerve disorders and that Plaintiff did not do so.

Viewing this evidence in the light most favorable to Defendants, and without giving weight to the evidence or judging its

credibility, this Court finds that any reasonable jury could have reached the verdict that was reached by the jury in this case. Furthermore, the jury's verdict neither represents a miscarriage of justice nor does it shock the conscience. Because of this, Plaintiff's claim that the verdict was against the manifest weight of the evidence is denied.

### B. Defendants' Testimony did not Prejudice the Plaintiff.

A motion for a new trial may be granted if "the trial was not fair to the party moving." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). This right to a fair trial applies in both civil and criminal cases. Illinois v. Allen, 397 U.S. 337 (1970); *see also* Lemons v. Skidmore, 985 F.2d 354, 357 (7th Cir. 1993). In civil cases involving prisoner-plaintiffs, the Court must sustain this right to a fair trial, difficult though it may be. Lemons v. Skidmore, 985 F.2d 354, 357 (7th Cir. 1993) (generally discussing prisoner-plaintiffs' appearance in court while shackled). Furthermore, "civil litigants are entitled to a fair trial, not a perfect one, and [] a new trial will not be ordered unless there was an error that caused some prejudice to the substantial rights of the parties." Id.

Here, Plaintiff claims that Defendants violated the Court's order granting Plaintiff's Motion in Limine (d/e 77, 98), requiring that in lieu of any mention of "Rushville" as the DHS facility in which Plaintiff is housed, parties merely refer to it as "the facility." Plaintiff argues that these violations prejudiced him (d/e 187). In support of these claims, Plaintiff says that Defendants Bednarz and Lochard intentionally mentioned "Rushville" numerous times, and that Defendant Bednarz went on to mention his credentials as a counselor to sex offenders. Plaintiff claims that this is prejudicial because jurors may infer from these references that Plaintiff has been adjudicated a Sexually Violent Person. Plaintiff further contends, solely based on his own impressions, that the jury's mood shifted markedly against him immediately after "Rushville" was mentioned. Plaintiff claims that after Defendant Lochard said "Rushville" the "Jury stop[ped] taking notes and stare[d] at [Plaintiff] in disgust[]" (d/e 187).

Plaintiff's assertion that Defendant Lochard's single mention of "Rushville" prejudiced the jury is unconvincing. In voir dire, this Court informed the jury that Plaintiff was a resident at a Department of Human Services (DHS) Treatment and Detention

Facility (TDF) and then inquired whether any jurors had a connection to the DHS and/or any TDFs. One juror said that her "grand-daughter's mother" worked at the detention facility in Rushville. Because the eventual jury learned during voir dire that Plaintiff was a resident at a DHS TDF and a potential juror then named "Rushville" as the home of one such TDF.

Defendant Lochard's single mention of the word "Rushville," without alluding to Plaintiff's status as a Sexually Violent Person, could not have prejudiced Plaintiff any more than voir dire did. Furthermore, Plaintiff did not in fact even object to that violation of the motion in limine. Plaintiff's failure to object forfeited his right to claim this error in a post-judgment motion. *See* Gonzalez v. Volvo of America Corp., 752 F.2d 295, 298 (7th Cir. 1985) ("[R]isky gambling tactics such as this are usually binding on the gambler. This court has not hesitated in the past to bind a party to its strategic decision to sit silent in the face of claimed error by refusing relief when the party complains because the result is unfavorable.")

Plaintiff also claims that Defendant Bednarz's testimony prejudiced Plaintiff. Defendant Bednarz testified, while listing his qualifications, that he was licensed to treat sex offenders, among

other things. After a side bar concerning these remarks, Defendant Bednarz clarified that he did not provide sex offender treatment at the facility. This curative testimony would have removed any prejudicial effect that the prior testimony may have had on Plaintiff. In addition, the objection by Plaintiff and subsequent side bar affirmatively waives Plaintiff's claim of error in a post-judgment motion.

Defendant Lochard's single minor error in mentioning "Rushville" would not have prejudiced Plaintiff because the facts that Plaintiff was being held in a DHS TDF, and such a TDF being located in Rushville, IL, were already presented to jury during voir dire. Defendant Bednarz's testimony as to his qualification to treat sex offenders would not have prejudiced Plaintiff because of the curative testimony clarifying that Defendant Bednarz did not treat sex offenders in the course of his employment by the DHS at the facility. Therefore, Plaintiff's claim that Defendants' testimony prejudiced Plaintiff is denied.

### C. Plaintiff's Counsel Provided Effective Assistance.

In all criminal proceedings, defendants are guaranteed the right to effective assistance of counsel. Gideon v. Wainwright, 372

U.S. 335, 340 (1963). However, this protection does not extend to matters in civil courts. Bell v. Eastman Kodak Co., 214 F.3d 798, 802 (7th Cir. 2000) While ineffective assistance of counsel "is a ground for a collateral attack on a criminal judgment, it is not a basis for collateral attack on a civil one." Id. (internal citations omitted) (*citing* Hernandez v. Cowan, 200 F.3d 995 (7th Cir. 2000); Sparrow v. Heller, 116 F.3d 204, 206-07 (7th Cir. 1997)). Furthermore, dissatisfaction with the performance of one's attorney or the result of the trial does not necessarily render such legal assistance ineffective. Jones v. Page, 76 F.3d 831, 840 (7th Cir. 1996) ("whether counsel is effective or ineffective does not turn on the defendant's subjective pleasure or displeasure with counsel's performance").

Where a party claims ineffective assistance of counsel, it is the burden of that party to prove that the assistance was deficient. Michel v. Louisiana, 350 U.S. 91, 101 (1955) ("Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). The Court, in determining whether the assistance of counsel was effective, applies a two-part test. Strickland v.

Washington, 466 U.S. 668, 689 (1984). To satisfy part one, a party must show that his "counsel's performance was deficient." Id. To satisfy part two, the party must show that the deficiency in performance prejudiced the party. Id.

In general, the Court will not second guess an attorney's performance or tactics. *See* Strickland v. Washington, 466 U.S. 668 (1984); United States v. Malone, 484 F.3d 916 (7th Cir. 2007). The Court must give a high degree of deference to counsel's performance. Strickland v. Washington, 466 U.S. 668, 689 (1984). ("Judicial scrutiny of counsel's performance must be highly deferential . . . . Every effort [must] be made to eliminate the distorting effects of hindsight."). The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. *See generally* Kubat v. Thieret, 867 F.2d 351 (7th Cir. 1989). In matters concerning trial strategy, "[t]rial tactics are a matter of professional judgment, and . . . [the Court] will not play 'Monday morning quarterback' when reviewing claims that an attorney rendered constitutionally deficient representation in making decisions on how best to handle a case." United States v. Malone, 484 F.3d 916, 920 (7th Cir. 2007) (internal

citations omitted) (quoting Harris v. Reed, 894 F.2d 871, 877 (7th Cir. 1990)).

Plaintiff's argument as to the efficacy of his court appointed counsel is unclear. In general, Plaintiff claims that his court appointed pro bono counsel refused to advocate on his behalf, but he fails to show how his counsel's alleged short-comings negatively affected the outcome of the trial.

Plaintiff contends that his counsel failed to impeach witnesses by refusing to ask Defendant Lochard whether Plaintiff's left wrist injury would cause pain while Plaintiff waited for the surgery. Plaintiff further contends that his court appointed counsel refused to submit "prima facie evidence" to the jury, but what effect this omission may have had is unclear. Plaintiff also claims that his counsel made Plaintiff seem like a liar during her closing statements by stating that Plaintiff wrapped his wrist in toilet paper instead of a toilet paper roll.

Plaintiff additionally claims that his counsel did not consult with him sufficiently. However, there is no "minimum number of meetings between counsel and client prior to trial necessary to prepare an attorney to provide effective assistance of counsel."

United States v. Mealy, 851 F.2d 890, 908 (7th Cir. 1988). Plaintiff goes on to claim that his pro bono counsel failed present certain expert testimony from "doctor, nurse or other qualified medical person[nel]" at trial.

This Court recognizes that Plaintiff was not guaranteed effective assistance of counsel due to the civil nature of the lawsuit. However, Attorney De Saint Phalle represented Plaintiff's interests well and performed her duties exceptionally. Attorney De Saint Phalle's performance was neither deficient nor did it prejudice Plaintiff. Had Plaintiff been guaranteed the right to effective assistance of counsel in this civil case, for the foregoing reasons, his claim that his court appointed council provided ineffective assistance would have been denied.

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's motion for judgment as a matter of law is DENIED.

(2) Plaintiff's motion for a new trial is DENIED.

ENTER: 7/5/2016

FOR THE COURT:

        **s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE